IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| TERRENCE SELDON, | ) Case No. 1:19-cv-90 |
| Plaintiff | ) |
| v. | ) UNITED STATES MAGISTRATE JUDGE |
|  | ) RICHARD A. LANZILLO |
| JOHN E. WETZEL, et al, | ) |
|  | ) ORDER ON MOTION |
| Defendants | ) [ECF NO. 14] |

Plaintiff Terrence Seldon, an inmate incarcerated at the State Correctional Institution at Forest (SCI-Forest), initiated this pro se civil rights action on March 29, 2019, by filing a motion for leave to proceed *in forma pauperis* [ECF No. 1] and a civil complaint. In his complaint, Plaintiff complains about his exposure to second-hand cigarette smoke while incarcerated at SCI-Forest and the medical issues arising from that exposure. ECF No. 3.

Presently pending before the Court is Plaintiff's second "Motion in the form of a letter." ECF No. 14. In a prior motion with the same caption, Plaintiff had stated that he was being threatened by prison staff, prevented from using the law library, and sexually harassed in an undisclosed manner. *Id*. The Court noted that Plaintiff's motion did not appear to request any sort of relief and that the issues raised in that motion (and in several pieces of prior correspondence to the Court, *see* ECF Nos. 9-10) had no connection to the legal claims raised in the underlying complaint. Citing the well-established principle that any injury "claimed in [a]

1

motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint," *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017), the Court denied that prior motion. *See* ECF No. 12 ("To the extent that Plaintiff is seeking judicial intervention with respect to matters falling well outside of the complaint, that request – if, in fact, that is what Plaintiff is requesting – must be denied."). The Court further advised Plaintiff that he should file a new, separate civil action if he wanted to raise claims that bear no relationship to the medical claims asserted in this case.

In the instant motion, Plaintiff again asserts that he is being harassed and retaliated against for filing this lawsuit. He requests an order directing Defendants to stop harassing him, depriving him of law library time, retaliating against him for filing complaints, and displaying deliberate indifference to his medical needs. ECF No. 14. As this Court has already explained, however, injunctive relief is inappropriate unless there is "a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *James*, 2017 WL 895569, at *3 (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A request for injunctive relief must, therefore, be dismissed if "the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). To the extent that Plaintiff is seeking judicial intervention with respect to matters that do not relate to the medical issues raised in his complaint – more specifically, to his exposure to second-hand smoke – his request must be denied. If Plaintiff believes that he is suffering retaliation, Plaintiff is again instructed to assert those unrelated

claims – including any request for injunctive relief – in a <u>new</u>, <u>separate</u> <u>lawsuit</u>. Plaintiff's motion in the form of a letter is DENIED.

IT IS SO ORDERED.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: June 18, 2019

3