IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRANCE SELDON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:19-cv-90 |
| ) | |
| **JOHN E. WETZEL, et al,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM ORDER**

**Procedural Background**

This action was received by the Clerk of Court on March 29, 2019. This matter was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff has sued two groups of Defendants: Daniel Lee, Sean Mahaney, Scott Mealy, and Gregory Miller are Department of Corrections employees ("Department of Corrections Defendants") who are represented by the Office of the Attorney General and Robert Maxa and William Sutherland are medical professionals represented by private counsel ("Medical Defendants"). Both groups of Defendants filed motions for summary judgment. ECF No. 148; ECF No. 156. Plaintiff opposed those dispositive motions with several filings of his own. *See* ECF No. 167; ECF No. 168; ECF No. 170; ECF No. 172[1].

---

[1] At ECF No. 172, Plaintiff filed a "Motion to Add Objections to Defendants' motion for summary judgment re 148 and 156]." This filing is an opposition brief which has been reviewed and considered by the Court. *See* ECF No. 197, page 3. To the extent that this filing is docketed as a motion, the motion will be terminated.

1

On May 13, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation recommending that both motions for summary judgment be granted and that judgment be entered against Plaintiff. ECF No. 197. Plaintiff has filed Objections to the Report and Recommendation, only some of which need be addressed here. ECF No. 198. Neither group of Defendants has filed any response to Plaintiff's Objections.

**Discussion**

Following an earlier round of dispositive motions, two of Plaintiff's legal claims remained and proceeded through discovery. Those claims are 1) a failure to protect claim against the Department of Corrections Defendants and 2) a deliberate indifference claim against the Medical Defendants. Both legal claims arise out of Seldon's exposure to environmental tobacco smoke in his living area.

Following a period of discovery, both groups of Defendants filed motions for summary judgment. In his Report and Recommendation, Magistrate Judge Lanzillo recommended that

- Summary judgment be granted in favor of Corrections Defendants Lee, Mealy, and Mahaney on the failure to protect claim due to Plaintiff's failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act;

- Summary judgment be granted in favor of Corrections Defendant Miller on the failure to protect claim based on the merits of the claim; and

- Summary judgment be granted in favor of the Medical Defendants on the deliberate indifference claim based on the merits.

ECF No. 197.

In his Objections, Mr. Seldon tries to save his claims against Lee, Mealy, and Mahaney from dismissal. ECF No. 198. Despite exhaustion being raised as a defense in the motion for summary judgment and the supporting brief, and despite Plaintiff's filing of **four** separate briefs

2

opposing the pending dispositive motions, Plaintiff failed to raise any of his present arguments regarding exhaustion prior to the issuance of the Report and Recommendation.

In conducting its review of the pending Report and Recommendation, the undersigned is under no obligation to consider new arguments that were not first presented to the Magistrate Judge. *See* LCvR 72(D)(2) (stating that the assigned District Judge "need not conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."). Consideration of new arguments is especially inappropriate when – as here—the new arguments could have been raised in the first instance to the Magistrate Judge. *See Kightlinger v. Pennsylvania*, 2013 WL 4504382, at *2 (W.D. Pa. Aug.22, 2013) (explaining that consideration of issues raised for the first time in an objection to a Report and Recommendation "would reduce the proceedings before the Magistrate Judge to a mere dress rehearsal, which is contrary to the very reason for having Magistrate Judges."). *Accord Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (observing that both the Magistrate Judges Act and Supreme Court precedent provide district courts discretion not to consider novel arguments raised in objections because "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the Magistrate Judge's consideration of the matter and would not help to relieve the workload of the district court.").

Despite having no obligation to do so, the undersigned will address some of Plaintiff's objections as to the exhaustion defense. Mr. Seldon argues that he could not have exhausted his remedies against Corrections Defendants Lee, Mealy, and Mahaney because he did not know their names until "**after** [he] filed this lawsuit." ECF No. 198, page 1. This statement implies that Plaintiff became aware of the names through the filing of the case and perhaps during discovery.

3

A review of the original complaint shows this statement is untrue. When Plaintiff drafted his complaint, he identified Lee, Mealy, and Mahaney by last name and by title. ECF No. 3, page 1.

In his Objections, Plaintiff also argues that his reference to "Unit Team" in Grievance 769703 constitutes exhaustion against Defendants Lee, Mealy, and Mahaney. Again, a review of the original complaint shows otherwise. The complaint identifies Lee and Mahaney as being assigned to C Block. When the grievance is filed, Plaintiff was housed on G Block. So then, Plaintiff's "Unit Team" reference in Grievance 769703 plainly does not apply to Lee and Mahaney as they were not assigned to Plaintiff's unit at the time of the filing of the grievance and thus they cannot be his "Unit Team." Any reference to "Unit Team" in the grievance could only possibly include Mealy.

Arguably then, Plaintiff may be able to overcome the failure to exhaust as to Defendant Mealy. However, summary judgment will be granted in favor of Defendant Mealy on other grounds. In the Report and Recommendation, Magistrate Judge Lanzillo recommended that summary judgment be granted in favor of Defendant Miller on the merits of the claim. Judge Lanzillo's analysis in this regard applies equally to Defendant Mealy both as to present injury and future injury. *See* ECF No. 197, pages 13-18.

**Conclusion**

After *de novo* review of the complaint and filings in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 8th day of June 2021;

IT IS ORDERED that the motion for summary judgment filed by Defendants Lee, Miller, Mahaney, and Miller [ECF No. 148] is granted.

IT IS FURTHER ORDERED that the motion for summary judgment filed by Defendants Maxa and Sutherland [ECF No. 156] is granted.

IT IS FURTHER ORDERED that judgment is granted in favor of Defendants and against Plaintiff.

IT IS FURTHER ORDERED that Plaintiff's "Motions for Judgment in My Favor" [ECF No. 146 and ECF No. 165] requesting judgment based on Defendants' alleged failure to timely file for summary judgment are denied.

AND IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on May 13, 2021 [ECF No. 197], along with the analysis and discussion herein, is adopted as the opinion of the Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge